496 A.2d 402

**COMMONWEALTH of Pennsylvania**

v.

**Sidney ROBINSON.**

**Appeal of P.M.D.**

Superior Court of Pennsylvania.

Argued May 21, 1985.

Filed July 26, 1985.

Before McEWEN, DEL SOLE and MONTEMURO, JJ.

McEWEN, Judge:

The appeal here undertaken by trial counsel presents an issue quite collateral to the substantive appeal that has been separately undertaken by the Commonwealth at appeal No. 2032 of 1983. We must quash this appeal but so succinct an order will not suffice for we are instead compelled to an expression of concern to the profession.

The goal of the Post Conviction Hearing Act is to afford relief to a convict whom the system may have failed. The allegation of "ineffective counsel" has become a principal avenue of pursuit of that relief. We have witnessed the term—adversary system—assume a deeper meaning as post conviction counsel apply careful scrutiny to the preparation and the presentation by trial counsel of the defense. And while that scrutiny enables hindsight to seduce reason, post conviction counsel is, nonetheless, duty bound to focus upon fault.

Surely, however, criticism does not demand denunciation, nor advocacy require attack, nor fervor compel condemnation. Such an approach by post conviction counsel ill serves all, but, more importantly, such manner of assertion may well obscure the message. Certainly, clamor never convinces.

Nor should one proclaim the cause of the client so sacred that only denunciation will do, since such a plea rather reveals an inadequacy of skills and even implies that the judiciary must be first roused to be moved. Surely, fervor does not preclude eloquence, nor intensity dignity. It is our hope that post conviction counsel will in their dedication be thus mindful.

Appeal quashed.